The opinion of the Court was delivered by
Withers, J.
If the gift under which the plaintiff claims the right of property be not assailable by the'defendant, as subsequent purchaser for valuable consideration, then it is immaterial whether he can reimburse himself or not, from the distributees of the donor, or otherwise. Whether the jury were led to one conclusion or another upon that matter will not affect the principles that must govern this case.
The observation of the presiding judge upon the probable *39 bias that may have operated upon a witness for tbe defendant where the jury were left, with their proper responsibility, to determine upon the.weight of his evidence, is not a sufficient cause for the interposition of this Court; and the more especially when we see, in the present instance, that a like course of remark was indulged respecting a witness on the other side; all which is but part of the summing up of points of contest in the cause, which is not only proper but useful in the investigation of truth before a jury.
The third, and last ground, presents the only question, and that has attracted the careful attention of the Court.
By the Act of 1833, (6 Stat. 483,) it is declared: “No parol gift of any chattel shall be valid against subsequent creditors, or purchasers, or mortgagees, except where the donee shall live separate and apart from the donor, and actual possession shall at the time of the gift, be delivered to, and remain and continue in, the donee, his or her executors, administrators, or assigns.”
The gift, in this instance, of the negro Emily, to the plaintiff did not conform to the above requisitions. The plaintiff’s cause derives no strength from the fact that the gift was by the grandmother, the wife of Drury Pilkington, to whom ha (Drury,) had attempted to convey Emily by deed, directly. It was the gift of Drury to all intents and purposes, although the parties may not have so regarded it at the time, and although administration’ was taken upon the estates of both Drury and his wife, after their decease, regarding the deed, perhaps, between Pilkington and wife as valid, to give the wife an estate.
But unless the defendant can fulfil the character of creditor, or mortgagee of the donor, or of purchaser from him, he cannot invoke the act of 1833: neither can he interpose the doctrine of fraud in his behalf upon a subsequent creditor or purchaser, without notice, as derived from the common law, or from the statutes of Elizabeth. He contends, accordingly that he is such *40 purchaser from the donor, without notice, and subsequent to a voluntary gift to the plaintiff.
We are to inquire into this position.
A man by the name of Asians (who was in fact administrator of the plaintiff’s donor,) sold, among others, the negro Emily now in question. But he sold the negroes for partition merely, and at the request of the distributees, this defendant among the rest. N.ow, it is clear, Aslans in character of administrator could not set aside a voluntary gift of the intestate, nor would an execution against him for a debt of the intestate have affected Emily, if she had been, when he administered, and remained and continued in the hands of the donee ; though, undoubtedly, such creditors and purchasers, as are mentioned in the Act of 1883, might set aside a voluntary gift, whether the said act had b.een conformed to or not: (Chappell vs. Brown, 1 Bail. 528; Anderson vs. Belcher, 1 Hill, 249, note.) Asians made no sale, in the due course of administration, to raise assets for the purposes of the estate, but as agent of the distributees he has resorted to a certain mode to effect partition among them, nor does it appear that he pretended to act as administrator. This proceeding is identical, so far as legal intendment is concerned, with a delivery of the specific property, in severalty, to the distributees respectively; or a partition of it among themselves, without his agency. The only answer attempted to this aspect of the case is, that, perchance, the defendant may have become liable to other distributees, by reason of his purchase, for excess over and above his share; and, therefore, that he should be regarded, as a stranger to the estate would be, if such a person had bought the negro.
The answer is, that he would, just as well, have become liable to pay money to co-distributees, had he received from them, with no agency of Asians intervening, the negro in question; and surely, in such case, a distributee could no more impeach a prior voluntary gift of the intestate, than the *41 intestate himself could. Moreover -if a stranger, in blood and in law, had purchased, at such a sale as Asians made, he would have to meet the fact, that he had bought from the distributees, through their agent, and not from the intestate, in a transaction originated by themselves; and he might well claim the benefit of the principle adjudged, at this term, by the Court of Errors, in the case of The Commissioner in Equity v. Smith, to wit, that in a sale by the Commissioner, under order of the Chancellor, at the instance of the distributees for partition, the Commissioner is their agent, and an implication of warranty from a full price arises, which becomes a foundation for defence in an action for the purchase money.
The motion is dismissed.
O’Neall, Wardlaw and Glover, JJ., concurred.
Münro, J., did not hear the argument.

Motion dismissed.